A. Michael Weber (AW-8760)
Sara D. Sheinkin (SS-9719)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DONNA MUHLEISEN, | Index No. 07 CIV 8748 (NRB) |
| Plaintiff, | |
| -against- | **ANSWER** |
| WEAR ME APPAREL LLC, | |
| Defendant. | **Electronically Filed** |

---

Defendant Wear Me Apparel, LLC (hereinafter "Wear Me Apparel"), by its attorneys, Littler Mendelson, P.C., hereby answers the Complaint of Plaintiff Donna Muhleisen as follows:

**FACTS**

1.      Denies the allegations in Paragraph 1 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence, and admits that Wear Me Apparel employed Plaintiff from in or about November 2005 through April 2007.

2.      Admits the allegations in Paragraph 2 of the Complaint.

3.      States that the allegations in Paragraph 3 of the Complaint constitute legal argument and conclusions to which no response is required, but to the extent a response is required, Defendant denies the allegations.

4.　　　States that the allegations in Paragraph 4 of the Complaint constitute legal argument and conclusions to which no response is required, except admits that Plaintiff received a Right to Sue Notice from the EEOC and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

5.　　　States that the allegations in Paragraph 5 of the Complaint constitute legal argument and conclusions to which no response is required, but to the extent a response is required, Defendant denies the allegations.

6.　　　Denies the allegations in Paragraph 6 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning her employment with any employer other than Wear Me Apparel.

7.　　　Admits the allegations in Paragraph 7 of the Complaint.

8.　　　Denies the allegations in Paragraph 8 of the Complaint.

9.　　　Denies the allegations in Paragraph 9 of the Complaint, except admits that Plaintiff's salary rate was $250,000, with a guaranteed bonus of $100,000.

10.　　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.　　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, except admits that Plaintiff took one leave of absence from Wear Me Apparel, commencing in or around February 2007.

12.　　　Denies the allegations in Paragraph 12 of the Complaint.

13.　　　Admits the allegations in Paragraph 13 of the Complaint, but denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was caring for her children.

14.    Admits the allegations in Paragraph 14 of the Complaint.

15.    Denies the allegations in Paragraph 15 of the Complaint.

16.    Denies the allegations in Paragraph 16 of the Complaint.

17.    Denies the allegations in Paragraph 17 of the Complaint.

18.    Denies the allegations in Paragraph 18 of the Complaint.

## COUNT I

### Sex and Pregnancy Discrimination (Title VII)

19.    With regard to Paragraph 19 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-18 of the Complaint as if each were fully set forth herein.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.    Denies the allegations in Paragraph 21 of the Complaint.

22.    Denies the allegations in Paragraph 22 of the Complaint, except admits that Wear Me Apparel terminated Plaintiff's employment.

23.    Denies the allegations in Paragraph 23 of the Complaint.

24.    Denies the allegations in Paragraph 24 of the Complaint.

25.    Denies the allegations in Paragraph 25 of the Complaint.

26.    Denies the allegations in Paragraph 26 of the Complaint.

## COUNT II

### Sex Discrimination (New York City Human Rights Law)

27.    With regard to Paragraph 27 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-26 of the Complaint as if each were fully set forth herein.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 28 of the Complaint.

29.    Denies the allegations in Paragraph 29 of the Complaint.

30.    Denies the allegations in Paragraph 30 of the Complaint, except admit that Wear

Me Apparel terminated Plaintiff's employment.

31.    Denies the allegations in Paragraph 31 of the Complaint.

32.    Denies the allegations in Paragraph 32 of the Complaint.

33.    Denies the allegations in Paragraph 33 of the Complaint.

34.    Denies the allegations in Paragraph 34 of the Complaint.

## COUNT III

### FMLA - Retaliation

35.    With regard to Paragraph 35 of the Complaint, Defendant repeats and realleges its

responses to Paragraphs 1-34 of the Complaint as if each were fully set forth herein.

36.    States that the allegations in Paragraph 36 of the Complaint constitute legal

argument and conclusions to which no response is required, but to the extent a response is

required, Defendant denies the allegations.

37.    States that the allegations in Paragraph 37 of the Complaint constitute legal

argument and conclusions to which no response is required, except denies that Plaintiff was an

employee of Wear Me Apparel since 1996, and to the extent a response is required, Defendant

denies the remaining allegations.

38.    Denies the allegations in Paragraph 38 of the Complaint.

39.    Denies the allegations in Paragraph 39 of the Complaint.

40.    Denies the allegations in Paragraph 40 of the Complaint.

41.    Denies the allegations in Paragraph 41 of the Complaint.

42.     Denies the allegations in Paragraph 42 of the Complaint.

43.     Denies the allegations in Paragraph 43 of the Complaint.

44.     Denies the allegations in Paragraph 44 of the Complaint.

Denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, or to any relief at all, against Defendant Wear Me Apparel.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, because the employment actions about which she complains were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, due to her failure to adequately comply with the statutory prerequisites of bringing this action.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred, in whole or in part, to the extent that Defendant exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or otherwise avoid harm.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff failed to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff is not entitled to punitive damages.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff was not an "eligible employee" within the meaning of the FMLA.

### TENTH AFFIRMATIVE DEFENSE

10.     To the extent Plaintiff can establish she was "eligible," Plaintiff did not provide notice or information sufficient to make Defendant aware that she was entitled to FMLA-qualified leave for the entire period that Plaintiff now claims she was entitled to FMLA leave.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     To the extent that Plaintiff can establish she was "eligible" for FMLA leave, Plaintiff failed to satisfy the requirements and conditions of FMLA leave.

### TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent, if any, that Defendant is found to have violated the FMLA with respect to Plaintiff's Complaint, said violation was not willful.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of this case.

WHEREFORE, Defendant Wear Me Apparel demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Date:    November 20, 2007
         New York, New York

                                           /s Sara D. Sheinkin
                                           _____
                                           A. Michael Weber (AW-8760)
                                           Sara Danielle Sheinkin (SS-9719)
                                           LITTLER MENDELSON
                                             A Professional Corporation
                                           885 Third Avenue, 16th Floor
                                           New York, NY  10022.4834
                                           212.583.9600

                                           Attorneys for Defendant