A. Michael Weber (AW-8760)
Michael Pappas (MP-6716)
Sara D. Sheinkin (SS-9719)
LITTLER MENDELSON, P.C.
885 Third Avenue
New York, New York 10022.4834
212.583.9600

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA MUHLEISEN,

        Plaintiff,

-against-

WEAR ME APPAREL LLC,

        Defendant.

---

Index No. 07 CIV 8748 (NRB)

STIPULATION AND ~~PROPOSED~~
ORDER RE: CONFIDENTIAL
INFORMATION

    WHEREAS, Plaintiff Donna Muhleisen and Defendant Wear Me Apparel LLC are presently engaged in discovery; and

    WHEREAS, some information sought by the parties or contained in documents sought by the parties is of a confidential and/or proprietary nature; and

    WHEREAS, the purpose of this Stipulation and Proposed Order Re: Confidential Information (referred to herein as the "Stipulation," "Stipulation and Order" or "Order") is to permit the parties to discover such information and documents pursuant to procedures designed to protect preserve the confidentiality of that material;

IT IS HEREBY STIPULATED, as follows:

1. "Confidential Information" as used herein means: (i) salary, personnel records, and other private information (such as social security numbers, addresses, and telephone numbers) concerning Defendant's current and former employees, other than Plaintiff; (ii) Defendant's non-public financial, commercial, or other proprietary information, including but not limited to sales and inventory reports and projections, budgets, and financial statements; (iii) communications between Defendant's agents, employees and/or clients concerning pricing, sales, inventory, or brand strategy; and (iv) documents concerning Defendant's acquisition of Happy Kids Inc., or any other companies. The parties and their counsel shall designate as "confidential" only information that the designating party produces in discovery or introduces into evidence in this action.

2. At the time of production, a producing party shall designate information as Confidential Information by printing the legend "Confidential" conspicuously on each document so designated, or in the case of deposition testimony, by making a statement on the record to that effect, or adding the legend "Confidential" to the relevant page of the transcript.

3. The producing party's failure to designate Confidential Information at the time of production does not waive its right to do so provided that, within sixty (60) days of production, written notification is given to the receiving party of the confidential status of the document or information. Further, such failure shall not be deemed to be a waiver in whole or in part of that producing party's claim of confidentiality going forward, either as to the specific Confidential Information inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter. The receiving party will have no responsibility or

liability for pre-notification dissemination or use of the Confidential Information not properly designated at the time of the production.

4. Information designated as "confidential" shall (a) be used by the parties only for the purpose of this litigation and not for any other purposes whatsoever; and (b) not be disclosed, given, shown, discussed, or otherwise communicated or made available to anyone except as provided herein.

5. In accordance with the provisions of paragraph 6 below, Confidential Information may be disclosed only to "qualified persons," who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss, or reveal such information to anyone else. The term, "qualified persons," means (a) any attorney, legal assistant, secretary or clerk employed by, or a member of, Plaintiff's counsel assigned to this litigation; (b) any attorney, legal assistant, secretary, or clerk employed by, or a member of, Defendant's counsel assigned to this litigation; (c) any expert employed or retained by the parties or their attorneys solely for the purpose of assisting such attorneys in the preparation of this action for trial; (d) the parties (and any corporate successor or affiliate) to this action; (e) any judge that exercises jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern employed in the Chambers of said Judge or by the court; and (f) any court reporter retained by a party or the court in connection with this action. The foregoing definition of "qualified persons" is without prejudice to a redefinition of such term at an appropriate future time so as to include additional categories of persons, provided such redefinition is agreed to in writing by the parties or ordered by the court.

6. Any information, whether oral or written, designated confidential may be disclosed only to qualified persons who, prior to such disclosure, have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the parties may sign this Stipulation on behalf of the party they represent and those qualified persons who are members of or employed by their respective firms, and (ii) confidential information may be disclosed to those qualified persons described in paragraphs 5(e) and 5(f) immediately upon the Court's formal endorsement of this Stipulation without further action on their part. By signing this Agreement or Exhibit A, each qualified person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation and Order. All endorsed copies of Exhibit A shall be retained by the party's counsel that requested each qualified person's endorsement.

7. Each qualified person shall maintain all confidential information disclosed to him or her in confidence, shall not reveal the same to anyone other than another qualified person, and shall not use the confidential information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Order prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

8. Prior to any disclosure of confidential information to a qualified person within the category described in paragraph 5(c), counsel for the receiving party shall orally notify counsel for the designating party as to the identity of such qualified person, and promptly thereafter shall provide counsel for the designating party with a copy of Exhibit A as executed by such qualified person.

9. Any party intending to file any document containing confidential information with the Court shall notify all other parties of its intention to do so, to allow the parties to have a discussion as to whether such filings with the Court shall be filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the parties may request an agreement on the filing of such documents, and such agreement will not be unreasonably withheld.

10. In the event that a party objects to the designation of certain information as confidential, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the objecting party may notify the designating party and the designating party shall, within ten (10) days of notice, ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Order.

11. The disclosure by one of the parties of a document or information to a qualified person without designating it as confidential information shall not constitute a waiver of that party's right to designate such document or information as confidential information and, if so designated, the document or information shall thereafter be treated as confidential information subject to all the terms of this Order.

12. Nothing in this Order shall preclude any party from seeking to modify this Order.

13.   At the conclusion of this action, each party shall, upon request, return to the other all documentary material embodying information designated by the other as confidential, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such confidential records, provided he/she/it does so promptly at the conclusion of this action and certifies to opposing counsel in writing the date of destruction accompanied by reasonable description of the documents destroyed.

14.   Nothing contained herein shall prevent any party from seeking further, greater or lesser protection with respect to the use or disclosure of any Confidential Information in connection with any trial, hearing or other proceeding.

15.   Nothing contained herein shall prevent any party from disclosing or using its own Confidential Information in any manner the party chooses.

16.   This Stipulation and Order shall be binding on all qualified persons and all other persons having knowledge of its terms. It is enforceable by any sanction deemed appropriate by the Court.

17.   This Stipulation and Order may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

18.   The terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: March 14, 2008
New York, New York

*[signature]*
A. Michael Weber (AW-8760)
Michael P. Pappas (MP-6716)
Sara D. Sheinkin (SS-9719)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022-4834
(212) 583-9600

Attorneys for Defendant

Dated: March 17, 2008
New York, New York

*[signature]*
Paul Castronovo
PAUL CASTRONOVO, LLC
90 Washington Valley Road
Bedminster, New Jersey 07921
(908) 719-8888

Attorneys for Plaintiff

SO ORDERED.

Dated: March 31, 2008
New York, New York

*[signature]*
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT "A"

AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Order in the action entitled, *Muhleisen v. Wear Me Apparel LLC*, Civil Action No. 07-8748 (NRB) understands the terms thereof, and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the United States District Court for the Southern District of New York or the New York State Supreme Court in the County of New York with respect to any controversy arising out of an alleged violation of the Stipulation and Order.

_____                    _____
Date                                        Signature

                                            _____
                                            Name Printed

                                            _____
                                            _____
                                            Business Address
                                            (including Name of Employer, if any)

                                            _____
                                            _____
                                            Home Address